IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV92-02-MU

RICCARDO DARNELL JONES,            )
    Plaintiff,                    )
                                   )
    v.                            )
                                   )
D. RIGGS, Sergeant at the          )
  Alexander Correctional           )
  Institution[1];                  )        **O R D E R**
ERIC DYE, Unit Manager             )
  at the ACI;                      )
KEITH WHITENER, Super-             )
  intendent at the ACI;            )
and                                )
(FNU) HERNANDEZ, Assis-            )
  tant Superintendent at           )
  the ACI,                         )
    Defendants.                   )
_____)

**THIS MATTER** comes before the Court on Plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed August 11, 2008. For the reasons stated herein, the instant action will be denied and dismissed.

By the instant Complaint, Plaintiff alleges that on a single date in March 2008, he went to the inmate chow hall when he was stopped and searched by Defendant Riggs and another officer. After the search, Plaintiff was denied his meal and told to return to his cell block. Plaintiff further alleges that he

---

[1]Alexander Correctional Institution hereafter will be referred to as "ACI."

filed a grievance which was successfully resolved in that he was advised that Defendant Rigg had, in fact, violated his 14th and 8th Amendment rights, and he was told by the "Facility Administration" that Riggs would receive an infraction for his "unlawful unconstitutional conduct against [plaintiff]."

Notwithstanding the nature of his complaint or the fact that his grievance was successful, Plaintiff now has come to this federal Court seeking damages in the amount of $40,000 "for the unlawful acts against [him] by these defendant(s)." More particularly, Plaintiff asserts that Defendant Riggs is liable for having denied him his meal; that Defendant Dye is liable because he "support[ed] Sgt. Riggs' behavior"; that Defendant Whitener "is mention[ed] as a co-defendant because he is master servant of the facility"; and that Defendant Hernandez "is mention[ed] as a co-defendant because he should train his staff how to obey policy and procedures."

Even considering Plaintiff's obvious beliefs to the contrary, it is apparent that the instant allegation -- that plaintiff was denied a single meal on one occasion -- fails to state a constitutional claim for relief. To be sure, Plaintiff does not allege that he suffered any injury, de minimis or otherwise, from having missed his meal. "The Eighth and Fourteenth Amendments . . . establish only qualified standards of protection for prisoners and pretrial detainees--against "cruel and unusual

2

punishment . . . ." Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997). Thus, while the Constitution protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief because he has been exposed to uncomfortable, restrictive or inconvenient conditions of confinement. See Henderson v. Virginia, 2007 WL 2781722, slip op. at 7 (W.D. Va. Sept. 21, 2007) (unpublished). Rather, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

Similarly, a plaintiff is not entitled to any relief on a claim like the instant one if he fails to allege any facts to suggest that he was exposed to an unreasonable risk of harm by virtue of the defendant's conduct. See Farmer v. Brennan, 511 U.S. 825, 835 (1994). Here, Petitioner does not allege any such risk of harm on the basis of his having missed a meal on an isolated occasion. To put it simply, one missed meal does not a constitutional violation make. Consequently, the instant Complaint must be denied and dismissed.

**NOW, THEREFORE, IT IS ORDERED THAT** Plaintiff's Complaint is **DENIED and DISMISSED**. See 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: August 13, 2008

Graham C. Mullen
United States District Judge